____ FILED         ____ RECEIVED
____ ENTERED       ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

DEC 29 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF THE WEST, a California banking corporation. | 2:09-cv-1889-ECR-PAL |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: December 29, 2010 |
| MONUMENT CAPITAL, INC., a Nevada corporation; THOMAS H. McCORMICK, an individual; CRISTEN J. McCORMICK, an individual; THE McCORMICK FAMILY TRUST, a trust situated in the State of Nevada; and DOES I-X, inclusive, | |
| Defendants. | |

PRESENT: _____EDWARD C. REED, JR._____     U. S. DISTRICT JUDGE

Deputy Clerk: __COLLEEN LARSEN__     Reporter: __NONE APPEARING__

Counsel for Plaintiff(s) _____ NONE APPEARING _____

Counsel for Defendant(s) _____ NONE APPEARING _____

MINUTE ORDER IN CHAMBERS

    Plaintiff made a loan to a third party, Astoria Lone Mountain, for which Defendants served as guarantors. The loan was secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing in favor of Plaintiff. The loan is in default, and on May 27, 2010, Plaintiff foreclosed on the property. Now pending are two motions for summary judgment filed by Plaintiff (#24) and Defendants (#23) respectively.

    Defendants seek summary judgment on the grounds that Plaintiff failed to apply for a deficiency judgment as required under Nevada law. The deadline to amend the pleadings under the scheduling order (#20) was February 18, 2010. However, Plaintiff was unable to seek a deficiency judgment by February 18, 2010, because Plaintiff could not apply for a

deficiency judgment until after the foreclosure sale, which occurred on May 27, 2010. NEV. REV. STAT. § 40.455. Plaintiff also objects to the anti-deficiency defense asserted by Defendants in light of express waivers contained in the guaranty agreements purporting to waive "[a]ny right Guarantor[s] may have under the applicable law including, without limitation, a right to a hearing with respect to the fair market value of any security now or hereafter held for the Obligations." (Pl.'s Opp. Exhibit 5, 6, 7 ¶4.1(k) (#28-7,8,9).) In the event that we find the waiver invalid, Plaintiff requests that we convert the proceedings into a deficiency action, or allow Plaintiff to amend its pleadings to assert a cause of action for a deficiency judgment.

Under Nev. Rev. Stat. § 40.453, it is "against public policy for any document relating to the sale of real property to contain any provision whereby a mortgagor or the grantor of a deed of trust or a guarantor or surety of the indebtedness secured thereby, waives any right secured to the person by the laws of this state." The guaranty agreements in this case recite that the purpose of the loan was "to finance the construction of certain improvements on the Real Property." (Id. ¶ A.) Defendants contend, however, that the purpose of the loan was "to pay off the previous loan utilized to acquire the Property and to finance the improvement of the Property and construction of 135 homes to be sold. Proceeds from the sale of each home were to be used to repay the Loan." (Ds' Reply at 5 (#34).) The Loan Agreement states, in relevant part, that "the Loan is for the purpose of financing for-sale new housing only" and that the Borrower must diligently market the lots and units for sale, and to furnish Plaintiff with reports on all sales activities on the property.

The broad language "relating to the sale of real property" is satisfied in the case of the loan here and the waiver is invalid. NEV. REV. STAT. § 40.453. Whether the loan was made to pay off the previous loan made to acquire the property is not apparent from the record, but it is apparent that the loan was made for the purpose of constructing real estate units to be sold as new housing, and the proceeds of such sales were expected to be used in paying off the loan. The loan, therefore, is not essentially different from the typical loan by a mortgagee to a mortgagor in the case of commercial real estate. Furthermore, the purpose and policy behind the statute declaring waivers of deficiency defenses invalid are fully relevant here. Plaintiff held the real property as collateral, and foreclosed on the property when the loan went into default. Plaintiff should not be allowed to seek the full amount of the loan from guarantors after foreclosing and selling the property without a deduction based on the fair market value or the actual sales price of the property. See First Interstate Bank of Nevada v. Shields, 730 P.2d 429, 430-31 (Nev. 1986). Even if the guaranty agreement here does not satisfy the statutory

requirement of "relating to the sale of real property," it satisfies Shields, in which the Nevada Supreme Court acknowledged that "Nevada's deficiency legislation is designed to achieve fairness to all parties to a transaction secured in whole or in part by realty." Id. at 431. To do otherwise here would give Plaintiff the ability "to manipulate sources of recovery in order to realize debt satisfaction in amounts substantially greater than the balance of the debt due." Id.

We shall, therefore, grant Plaintiff time in which to amend its pleadings to assert a cause of action for a deficiency judgment. While the statute of limitations on a deficiency action is six months after foreclosure, Plaintiff requested such leave within the statutory period, and was unable to amend its pleadings because of the scheduling order until we granted such leave. Defendants' argument that they have been prejudiced because discovery is closed in this case is without merit. Discovery can be reopened upon amendment of the pleadings. Nevada law expressly permits amendments of pleadings or conversion into a deficiency action when judicial proceedings have been commenced in violation of the statute requiring, *inter alia*, that a borrower must seek a deficiency judgment after foreclosing on real property. NEV. REV. STAT. § 40.435.1.[1]

Plaintiff's motion for summary judgment (#24) is moot in light of our decision here.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for summary judgment (#23) is **DENIED** on the grounds that while Defendants are correct in asserting that a deficiency action is the proper manner in which to proceed, Defendants are not entitled to summary judgment on that basis.

---

[1] Paradise Homes v. Eighth Judicial Dist. Court of Nevada does not require a dismissal in this case. 491 P.2d 1277 (Nev. 1971). Paradise Homes was decided before the enactment of Nev. Rev. Stat. § 40.435, which plainly states that "[t]he commencement of or participation in a judicial proceeding in violation of NRS 40.430 does not forfeit any of the rights of a secured creditor in any real or personal collateral . . . if the judicial proceeding is . . . (b) Converted into an action which does not violate NRS 40.430."

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (#24) is **DENIED** as moot.

LANCE S. WILSON, CLERK

By _____/s/_____
   Deputy Clerk
